**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

26-60245-CR-KUNTZ/AUGUSTIN-BIRCH
**CASE NO.** ______________________

**18 U.S.C. § 641**
**18 U.S.C. § 1344(2)**
**18 U.S.C. § 982(a)(2)(A)**
**18 U.S.C. § 982(a)(2)(B)**

FILED BY JAO D.C.
Sep 15, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**UNITED STATES OF AMERICA**

**v.**

**DELBERT JAIMIE BAKER, JR.**,

**Defendant.**

_____________________________________/

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times relevant to this Indictment,

1. Credit Union 1 was a financial institution headquartered in Virginia, with branches located in the Southern District of Florida and elsewhere, whose accounts were federally insured by the National Credit Union Administration.

2. Defendant **DELBERT JAIMIE BAKER, JR.** was the owner and sole signatory of Credit Union 1 account ending in 2818.

3. Bank 1 was a financial institution headquartered in New Jersey, with branches located in the Southern District of Florida and elsewhere, whose accounts were insured by the Federal Deposit Insurance Corporation.

4. Bank 2 was a financial institution headquartered in New York, with branches located in the Southern District of Florida and elsewhere, whose accounts were insured by the Federal Deposit Insurance Corporation.

5. Victim 1 is a preschool located in Miami-Dade County, Florida.

**COUNT 1**
**Theft of Government Money**
**(18 U.S.C. § 641)**

1. Paragraph 5 of the General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about June 4, 2025, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**DELBERT JAIMIE BAKER, JR.,**

did knowingly and willfully receive, conceal, and retain, with the intent to convert to his own use and gain, money and a thing of value of the United States and of any department and agency thereof, the aggregate value of which exceeded $1,000, that is, a United States Treasury check bearing a number ending in 1433, issued to Victim 1 in the amount of $16,555.10, knowing the United States Treasury check to have been stolen, purloined, and converted, in violation of Title 18, United States Code, Section 641.

**COUNTS 2-5**
**Bank Fraud**
**(18 U.S.C. § 1344(2))**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around June 2025 until at least in or around May 2026, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**DELBERT JAIMIE BAKER, JR.,**

did knowingly, and with intent to defraud, execute, attempt to execute, and cause the execution of, a scheme and artifice to obtain any of the moneys and funds owned by, and under the custody and control of, financial institutions, including, Credit Union 1, Bank 1, and Bank 2, by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Section 1344(2).

**PURPOSE OF THE SCHEME AND ARTIFICE**

3. It was the purpose of the scheme and artifice for **DELBERT JAIMIE BAKER, JR.** and his accomplices to unlawfully enrich themselves by, among other things, depositing and attempting to deposit altered and fictitious checks into bank accounts held in **BAKER, JR.**'s name and in the names of other individuals, and obtaining the funds made available as a result of those deposits for their personal use and benefit and for the use and benefit of others.

**MANNER AND MEANS OF THE SCHEME AND ARTIFICE**

The manner and means by which the defendant and his accomplices sought to accomplish the object and purpose of the scheme and artifice included, among other things, the following:

4. **DELBERT JAIMIE BAKER, JR.** obtained altered and fictitious checks that purported to be issued by legitimate businesses and other entities.

5. **DELBERT JAIMIE BAKER, JR.** used bank accounts held in his own name to deposit and attempt to deposit altered and fictitious checks made payable to him. **BAKER, JR.** also deposited altered and fictitious checks, made payable to other individuals, into accounts in the names of those other individuals. In each case, **BAKER, JR.** made the deposits of altered and fictitious checks through automated teller machines and mobile electronic deposits.

6. **DELBERT JAIMIE BAKER, JR.** and others withdrew funds made available by financial institutions as a result of the deposit of altered and fictious checks.

## EXECUTION OF THE SCHEME AND ARTIFICE

7. On or about the dates specified as to each count below, **DELBERT JAIMIE BAKER, JR.** did execute, attempt to execute, and cause the execution of, the above-described scheme and artifice to defraud, as more particularly described below:

| **Count** | **Approximate Date** | **Transaction** |
|---|---|---|
| 2 | June 16, 2025 | Deposit a $29,350 false and fraudulent check into Credit Union 1 account ending in 2818 in the Southern District of Florida. |
| 3 | October 10, 2025 | Deposit a $63,838.70 false and fraudulent check into Bank 1 account ending in 4803 in the Southern District of Florida. |
| 4 | April 20, 2026 | Deposit a $16,500.05 false and fraudulent check into Bank 1 account ending in 5393 in the Southern District of Florida. |
| 5 | May 14, 2026 | Deposit a $20,000 false and fraudulent check into Bank 2 account ending in 2075 in the Southern District of Florida. |

In violation of Title 18, United States Code, Sections 1344(2) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DELBERT JAIMIE BAKER, JR.**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1344, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A), 982(a)(2)(B), and 492, as made applicable by Title 28, United States Code, Section 2461(c), and the procedures of Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(l).

A TRUE BILL

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

NADIA ROSSBACH
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA** **CASE NO.** **26-60245-CR-KUNTZ/AGUSTIN-BIRCH**

**v.**

DELBERT JAIMIE BAKER, JR.
_______________________________/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) ______
Number of New Defendants ______
Total Number of New Counts ______

**Court Division** (select one)
☐ Miami ☐ Key West ☐ FTP
☒ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: ______
4. This case will take 5 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   **(Check only one)**
   I ☒ 0 to 5 days
   II ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV ☐ 21 to 60 days
   V ☐ 61 days and over

   **(Check only one)**
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony
6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge ______ Case No. ______
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge ______ Magistrate Case No. ______
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ______ Case No. ______
9. Defendant(s) in federal custody as of ______
10. Defendant(s) in state custody as of ______
11. Rule 20 from the ______ District of ______
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No

By: ______________________
Nadia Rossbach
Assistant United States Attorney
SDFL Court ID No. A5503415

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: DELBERT JAIMIE BAKER, JR.

**Case No**: **26-60245-CR-KUNTZ/AGUSTIN-BIRCH**

Count #: 1

Theft of Government Money

Title 18, United States Code, Section 641
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or twice the gross gain/loss

Counts #: 2-5

Bank Fraud

Title 18, United States Code, Section 1344(2)
* **Max. Term of Imprisonment:** 30 years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $1,000,000 or twice the gross gain/loss

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**