**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-60245-KUNTZ**

**UNITED STATES OF AMERICA**
**v.**

**DELBERT JAIMIE BAKER, JR.,**

**Defendant.**
____________________________________/

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order entered on September 21, 2026, as to Defendant Darius Montaque Haymon (DE 14). This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A. 1. The government has produced or otherwise made available to Defendant for inspection and copying any written statements made by Defendant.

2. The government has produced or otherwise made available to Defendant for inspection and copying any relevant oral statements made by Defendant before or after arrest in response to interrogation by any person then known to Defendant to be a government agent that the government intends to use at trial.

3. No Defendant testified before the Grand Jury.

4. The government has produced a copy of Defendant's criminal history.

5. To the extent not already produced to Defendant, any books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of Defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to Defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 NE 4th Street, Miami, Florida, Suite 635. Please call the undersigned Assistant U.S. Attorney to set up a date and time that is convenient to both parties.

The materials already produced and/or made available to Defendant pursuant to this discovery response are not necessarily copies of all the

books, papers, documents, data, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations nor scientific tests or experiments made in connection with this case.

B. **DEMAND FOR RECIPROCAL DISCOVERY**: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise Defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. § 2516 and 18 U.S.C § 2518 and that has been unsealed in accordance with 18 U.S.C § 2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The United States produced the discovery referenced above to Defendant, through his counsel of record, on October 5, 2026. The discovery was produced via the government's electronic sharing platform, USAFx, and are numbered Baker_0001 through Baker_09820.

Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

/s/ *Nadia L. Rossbach*
NADIA L. ROSSBACH
Assistant United States Attorney
Court ID No. A5503415
99 Northeast 4th Street,
Miami, FL 33132-2111
Telephone: (305) 961-9343
E-mail: nadia.rossbach@usdoj.gov