**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-60245-KUNTZ(s)**
**18 U.S.C. § 641**
**18 U.S.C. § 1344(2)**
**18 U.S.C. § 3147(1)**
**18 U.S.C. § 982(a)(2)(A)**
**18 U.S.C. § 982(a)(1)(C)**

**UNITED STATES OF AMERICA**

**v.**

**DELBERT JAIMIE BAKER, JR.,**

**Defendant.**
______________________________/

FILED BY AW D.C.
Nov 5, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment,

1. Credit Union 1 was a financial institution headquartered in Virginia, with branches located in the Southern District of Florida, and elsewhere, whose accounts were federally insured by the National Credit Union Administration.

2. Defendant **DELBERT JAIMIE BAKER, JR.** was the owner and sole signatory of Credit Union 1 account ending in 2818.

3. Bank 1 was a financial institution headquartered in New Jersey, with branches located in the Southern District of Florida, and elsewhere, whose accounts were insured by the Federal Deposit Insurance Corporation.

4. Bank 2 was a financial institution headquartered in New York, with branches located in the Southern District of Florida, and elsewhere, whose accounts were insured by the Federal Deposit Insurance Corporation.

5. Bank 3 was a financial institution headquartered in Florida, with branches located in the Southern District of Florida, and elsewhere, whose deposits were insured by the Federal Deposit Insurance Corporation.

6. Victim 1 is a preschool located in Miami-Dade County, Florida.

**COUNT 1**
**Theft of Government Money**
**(18 U.S.C. § 641)**

1. Paragraph 6 of the General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about June 4, 2025, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**DELBERT JAIMIE BAKER, JR.,**

did knowingly and willfully receive, conceal, and retain, with the intent to convert to his own use and gain, money and a thing of value of the United States and of any department and agency thereof, the aggregate value of which exceeded $1,000, that is, a United States Treasury check bearing a number ending in 1433, issued to Victim 1 in the amount of $16,555.10, knowing the United States Treasury check to have been stolen, purloined, and converted, in violation of Title 18, United States Code, Section 641.

**COUNTS 2-6**
**Bank Fraud**
**(18 U.S.C. § 1344(2))**
**(18 U.S.C. § 3147(1))**

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around June 2025, until at least in or around September 2026, in Broward County and Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DELBERT JAIMIE BAKER, JR.,**

did knowingly, and with intent to defraud, execute, attempt to execute, and cause the execution of, a scheme and artifice to obtain any of the moneys and funds owned by, and under the custody and control of, financial institutions, including, Credit Union 1, Bank 1, Bank 2, and Bank 3, by means of materially false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Section 1344(2).

**PURPOSE OF THE SCHEME AND ARTIFICE**

3. It was the purpose of the scheme and artifice for **DELBERT JAIMIE BAKER, JR.** and his accomplices to unlawfully enrich themselves by, among other things, depositing and attempting to deposit altered and fictitious checks into bank accounts held in **BAKER, JR.**'s name and in the names of other individuals, and obtaining the funds made available as a result of those deposits for their personal use and benefit and for the use and benefit of others.

**MANNER AND MEANS OF THE SCHEME AND ARTIFICE**

The manner and means by which the defendant and his accomplices sought to accomplish the object and purpose of the scheme and artifice included, among other things, the following:

4. **DELBERT JAIMIE BAKER, JR.** obtained altered and fictitious checks that purported to be issued by legitimate businesses and other entities.

5. **DELBERT JAIMIE BAKER, JR.** used bank accounts held in his own name to deposit and attempt to deposit altered and fictitious checks made payable to him. **BAKER, JR.** also deposited altered and fictitious checks, made payable to other individuals, into accounts in the names of those other individuals. In each case, **BAKER, JR.** made the deposits of altered and fictitious checks through bank tellers, automated teller machines, and mobile electronic deposits.

6. **DELBERT JAIMIE BAKER, JR.** and others withdrew funds made available by financial institutions as a result of the deposit of altered and fictious checks into accounts **BAKER, JR.** and other accomplices controlled.

7. On or about September 21, 2026, **DELBERT JAIMIE BAKER, JR.** had his initial appearance in this case, *United States v. Delbert Jaimie Baker*, Case No. 26-cr-60245, in the United States District Court for the Southern District of Florida in which he was charged with theft of government funds and bank fraud. **BAKER, JR.** was released on bond pursuant to an order in that case dated September 21, 2026, which notified **BAKER, JR.** of the potential consequences of committing an offense while on pretrial release. Thereafter, he resumed engaging in the same fraudulent scheme and artifice charged in this Superseding Indictment.

## EXECUTION OF THE SCHEME AND ARTIFICE

8. On or about the dates specified as to each count below, **DELBERT JAIMIE BAKER, JR.** did execute, attempt to execute, and cause the execution of, the above-described scheme and artifice to defraud, as more particularly described below:

| Count | Approximate Date | Transaction |
|---|---|---|
| 2 | June 16, 2025 | Deposit of a $29,350 false and fraudulent check into Credit Union 1 account ending in 2818 in the Southern District of Florida. |
| 3 | October 10, 2025 | Deposit of a $63,838.70 false and fraudulent check into Bank 1 account ending in 4803 in the Southern District of Florida. |
| 4 | April 20, 2026 | Deposit of a $16,500.05 false and fraudulent check into Bank 1 account ending in 5393 in the Southern District of Florida. |
| 5 | May 14, 2026 | Deposit of a $20,000 false and fraudulent check into Bank 2 account ending in 2075 in the Southern District of Florida. |
| 6 | September 28, 2026 | Deposit of a $20,000 false and fraudulent check into Bank 3 account ending in 4940 in the Southern District of Florida. |

In violation of Title 18, United States Code, Sections 1344(2), 3147(1), and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DELBERT JAIMIE BAKER, JR.**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 641, as alleged in this Superseding Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1344, as alleged in this Superseding Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), and the procedures of Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

NADIA ROSSBACH
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

**v.**

**DELBERT JAIMIE BAKER, JR.**

**Defendant.** /

**CASE NO.: 26-CR-60245-KUNTZ(s)**

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants ______
Total number of new counts 1

**Court Division** (select one)
☐ Miami ☐ Key West ☐ FTP
☑ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: ________________
4. This case will take 5 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | | (Check only one) |
|---|---|---|---|
| I | ☑ | 0 to 5 days | ☐ Petty |
| II | ☐ | 6 to 10 days | ☐ Minor |
| III | ☐ | 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ | 21 to 60 days | ☑ Felony |
| V | ☐ | 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge Jeffrey T. Kuntz Case No. 26-CR-60245
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge ________________ Magistrate Case No. ________________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ________________ Case No. ________________
9. Defendant(s) in federal custody as of ________________
10. Defendant(s) in state custody as of ________________
11. Rule 20 from the ________ District of ________
12. Is this a potential death penalty case? (Yes or No) No
13. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
14. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 31, 2026? No

By: ________________
Nadia Rossbach
Assistant United States Attorney
District Court No. A5503415

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** DELBERT JAIMIE BAKER, JR.

**Case No:** 26-CR-60245-KUNTZ(s)

Count #: 1

Theft of Government Money

Title 18, United States Code, Section 641
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Counts #: 2-5

Bank Fraud

Title 18, United States Code, Section 1344(2)
* **Max. Term of Imprisonment:** 30 years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $1,000,000

Count #: 6

Bank Fraud

Title 18, United States Code, Sections 1344(2) and 3147(1)
* **Max. Term of Imprisonment:** 40 years (up to 10 years consecutive under 18 U.S.C. § 3147(1))
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $1,000,000

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**