**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CR-60245-KUNTZ**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**DELBERT JAIMIE BAKER, JR.,**

**Defendant.**
______________________________________/

**ORDER REVOKING DEFENDANT'S BOND**

This matter comes before the Court on the Government's Motion to Revoke Defendant Delbert Jaimie Baker, Jr.'s Bond. DE 23. The Honorable Jeffrey T. Kuntz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge. DE 24. The Court held a hearing on the Motion on November 9, 2026. Assistant United States Attorney Nadia Rossbach appeared on behalf of the Government. Inspector Michael Soto appeared. Assistant Federal Public Defender Huda Ajlani Macri appeared on behalf of Defendant, who was present.

**A. INTRODUCTION**

On September 21, 2026, the Court granted the Government's Motion for Bond and granted Defendant pretrial release on a $150,000 personal surety bond with various standard and special conditions of bond. DE 12; DE 15. The Court carefully explained the conditions to Defendant at that time. One of the conditions was that he must not violate any federal, state, or local law while on bond. DE 15 at 1. The Government contended that Defendant violated that condition and, thus, moved to revoke his bond under 18 U.S.C. § 3148.

**B. FINDINGS OF FACT**

During the hearing, the Court took judicial notice of the Superseding Indictment [DE 26] and the record. The Government proffered information on the record, and Inspector Soto testified under oath. The Court considered all of the evidence in making its ruling.

**1. The Government's Proffer**

The Government proffered that the grand jury initially indicted Defendant on one count of theft of Government money under 18 U.S.C. § 641 and on four counts of bank fraud under 18 U.S.C. § 1344(2). *See* DE 3 (Indictment). These charges arose because Defendant had presented fraudulent checks for deposit at multiple financial institutions. Defendant was released on bond.

One day after his release, Defendant posted the words "back to regular programming" on a social media site. One week after his release, on September 28, 2026, he deposited a fraudulent $20,000 cashier's check at a bank in Coral Gables, Florida. Surveillance video from the bank shows Defendant making the deposit. On the same day Defendant made the deposit, he posted the words "less talking, more receipts" on a social media site and posted an image of the deposit receipt. Thereafter, the grand jury returned a Superseding Indictment adding an additional count of bank fraud for the September 28 transaction. *See* DE 26 (Superseding Indictment).

**2. Inspector Soto's Testimony**

Inspector Soto adopted the Government's proffer as part of his testimony. Inspector Soto further testified that he is the lead investigator on the case against Defendant. He started his investigation in January of 2026 when he received complaints from several financial institutions that fraudulent checks were being deposited into accounts in Defendant's name. Defendant was also depositing fraudulent checks into accounts in the name of other people.

On September 28, Defendant deposited a Bank of America cashier's check for $20,000 at a branch of South State Bank. Bank surveillance video captured him entering the bank and depositing the check. The deposit went into an account in the name of a person with the last name of Streeter. A person with this name lives in Cocoa Beach, Florida.

Further, Defendant has posted images on his social media accounts such as images of checks being printed through a printer, although Defendant is not visible in the images. Posts such as these are typically for the purposes of showing proof of work and attracting co-conspirators.

**C. THE PARTIES' ARGUMENTS REGARDING BOND REVOCATION**

The Government moved under 18 U.S.C. § 3148 for the revocation of Defendant's bond. The Government argued that, by returning the Superseding Indictment with the additional count of bank fraud relating to the September 28 transaction, the grand jury already found probable cause to believe that Defendant committed a federal felony while on bond. This probable cause triggered a rebuttable presumption that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of the community if he remains on bond.

The Government argued that, only a week after being released on bond, Defendant committed a federal crime by engaging in the same conduct for which he already was indicted. He violated the conditions of his bond almost immediately after receiving them. The weight of the evidence against Defendant is strong and includes surveillance video, bank records, and social media posts. This conduct shows that he is unlikely to abide by any conditions the Court may impose. This conduct also shows that he presents a financial danger to the community.

Defense counsel argued in rebuttal that the Court could impose bond conditions that could alleviate any danger to the community. The Court could impose home detention and limit Defendant's access to electronics and the internet.

**D. THE COURT'S CONCLUSIONS REGARDING BOND REVOCATION**

The Court has considered 18 U.S.C. § 3148, the evidence, the parties' arguments, and the entire record. The Court concludes that Defendant's bond should be revoked for the reasons stated below and stated on the record during the hearing.

There is probable cause to believe that Defendant committed a federal felony while on bond. In fact, the grand jury already has indicted him for that felony. On September 21, the Court carefully explained to Defendant the conditions of his bond, including the condition that he not violate any federal, state, or local law. The evidence before the Court indicates that, one week after his release, Defendant deposited another fraudulent check. Bank surveillance video captured him depositing the check. Defendant made social media posts relating to the transaction, including a post showing an image of the deposit receipt. This violation of the conditions of his bond, committed soon after his release, shows that he is unlikely to abide by conditions of release.

Thus, the Government's Motion to Revoke Defendant Delbert Jaimie Baker, Jr.'s Bond [DE 23] is **GRANTED**, and Defendant's bond is **REVOKED**. Defendant shall be remanded to the custody of the United States Marshals. The Court directs that he be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 10th day of November, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE